**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4353-16T1

THE BERGEN COUNTY BAR
ASSOCIATION, INC., THE
PASSAIC COUNTY BAR ASSOCIATION,
INC. and MIDDLESEX COUNTY BAR
ASSOCIATION, INC.,

    Plaintiffs-Appellants,

v.

STATE OF NEW JERSEY, and THE
SUPREME COURT OF NEW JERSEY,

    Defendants-Respondents.

_____

Submitted May 24, 2018 — Decided June 21, 2018

Before Judges Reisner and Gilson.

On appeal from Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-2125-16.

The Epstein Law Firm, PA, attorneys for appellants Bergen County Bar Association, Inc. and Passaic County Bar Association, Inc. (Michael J. Epstein, of counsel and on the joint briefs; Michael A. Rabasca, on the joint briefs).

Rebenack, Aronow & Mascolo, LLP, attorneys for appellant Middlesex County Bar Association,

Inc. (Craig M. Aronow, of counsel and on the joint briefs).

Gurbir S. Grewal, Attorney General, attorney for respondents (Melissa H. Raksa, Assistant Attorney General, of counsel; Joseph C. Fanaroff, Assistant Attorney General, on the brief).

PER CURIAM

Plaintiffs The Bergen County Bar Association, Inc., The Passaic County Bar Association, Inc., and Middlesex County Bar Association, Inc., appeal from a May 24, 2017 order dismissing their complaint against the State of New Jersey and the Supreme Court of New Jersey.

Plaintiffs, joined by a group of bail bond and surety companies,[1] challenged several provisions of the Criminal Justice Reform Act (Act) authorizing an increase in court fees to fund criminal justice reform. See N.J.S.A. 2B:1-6 to -13. They also challenged the constitutionality of Rule 1:43, which implemented the legislation by instituting the fee increases. In the trial court, as on this appeal, plaintiffs argued that the Act and the Rule violated the bill origination clause of the New Jersey Constitution, N.J. Const. art IV, § VI, ¶ 1; the constitutionally-mandated appropriations process, N.J. Const. art. VIII, § II, ¶

---

[1] The bail bond and surety companies have not joined in this appeal.

2, N.J. Const. art. V, § 1, ¶ 15; and the separation of powers doctrine, N.J. Const. art. III, ¶ 1.

Judge Paul Innes thoroughly and correctly addressed and rejected each of plaintiffs' arguments in a comprehensive written opinion issued on May 24, 2017. There is no need for this court to address the issues further. We affirm for the reasons stated in his opinion. We add only these brief comments.

We agree with Judge Innes that the Act preserves the Legislature's power to determine the amounts that will be appropriated to the various programs funded by the court fees. As the Supreme Court recently reaffirmed, "[a] consistent line of cases from our Court holds that the Appropriations Clause operates to render purported dedications of monies as line items in forthcoming appropriations acts as mere expressions of intent to pay." Burgos v. State, 222 N.J. 175, 205 (2015). Thus, the Act does not violate the Appropriations Clause.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4353-16T1